UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**SHAUN SNYDER,**
    Plaintiff,

-vs-                                          CASE NO.
                                                  HONORABLE

**BRITT OWEN and TOREY JOHNS,**
in their individual and official capacities,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |

THERE ARE NO PRIOR ACTIONS ARISING OUT OF THE TRANSACTION OR
OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **SHAUN SNYDER**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. Plaintiff is currently a resident of the City of Coldwater, Branch County, State of Michigan.

2. That Defendants BRITT OWEN and TOREY JOHNS are and/or were police officers employed by the Michigan State Police Department and were acting under color of law, in their individual and official capacities, and in the course and scope of their employment at all times mentioned herein.

1

3. All events giving rise to this lawsuit occurred in the City of Coldwater, County of Branch, State of Michigan.

4. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.  Plaintiff also has viable state law claims.

5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

6. This Court also has supplemental jurisdiction over related state claims under 28 U.S.C. §1367 [supplemental jurisdiction].

7. Venue is proper in the Western District of Michigan as the alleged subject incident occurred in the City of Coldwater, State of Michigan.

8. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

9. Plaintiff alleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

10. That on July 14, 2014, Plaintiff was driving his vehicle with his fiancé when he was pulled over by Defendant Owen for allegedly not wearing a seatbelt.

11. That Plaintiff parked his vehicle in the McDonald's parking lot located at 381 East Chicago Street in Coldwater, Michigan.

12. That Defendant OWEN approached Plaintiff's vehicle on the driver's side and Defendant JOHNS approached Plaintiff's vehicle on the passenger side.

13. That both Plaintiff and his fiancé answered the questions that Defendant OWEN asked them.

14. That when Defendant OWEN ordered Plaintiff to exit his vehicle, Plaintiff asked what he did wrong in which Defendant Owen said he was not wearing a seatbelt.

15. That Defendant OWEN then yelled at Plaintiff to get out of the vehicle and began pulling at Plaintiff's arm in which Plaintiff became fearful and asked his fiancé to call 911.

16. That Defendant OWEN continued to forcefully pull Plaintiff's arm and sprayed him with mace for no justification whatsoever.

17. That after Plaintiff was maced, Defendant OWEN continued to forcefully pull and twist Plaintiff's arms which made it impossible for Plaintiff to exit his vehicle.

18. That even though Plaintiff told Defendant OWEN that he would step out of the car if he would let him go, Defendant OWEN failed to do so and began issuing several knee strikes and punches to Plaintiff throughout his body as well as additional sprays of mace again without any justification.

19. That Plaintiff repeatedly told Defendant OWEN that he could not see and breathe and therefore could not get out of the vehicle.

20. That Defendant OWEN continued to browbeat Plaintiff and Defendant JOHNS, who was present for the entire unlawful beating and did not intervene to stop it, got onto the

passenger side of vehicle and pushed Plaintiff while Defendant OWEN pulled him out of the vehicle.

21. That while Plaintiff was lying face down on the pavement, Defendant OWEN jumped on top of him and delivered more unwarranted knee strikes to Plaintiff.

22. That Defendant JOHNS failed to intervene at any time in order stop Defendant OWEN's unlawful actions against Plaintiff.

23. That as a result of Defendants' unlawful actions and inactions, Plaintiff suffered significant injuries and damages.

### COUNT I
### VIOLATION OF THE FOURTH AMENDMENT
### 42  U.S.C. § 1983 EXCESSIVE FORCE

24. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

25. At all relevant times, Defendants were acting under color of law, within the course and scope of their employment, and in their individual and official capacity.

26. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including but not limited to the Fourth Amendment, when Defendants employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

27. That Defendants JOHNS also failed to intervene on Plaintiff's behalf and stop the excessive force being used against Plaintiff by Defendant OWEN.

28. Defendants' acts were at all times objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution.

29. Defendants' unlawful actions proximately resulted in significant injuries to Plaintiff.

30. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

31. As a proximate result of Defendants' violations and/or deprivations of Plaintiff's constitutional rights, Plaintiff has a viable claim for exemplary, compensatory, and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

### COUNT II
### ASSAULT AND BATTERY AS TO DEFENDANT OWEN

32. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

33. The acts of Defendant OWEN were not undertake in good faith and were not discretionary but were undertaken with malice.

34. At all material times herein, Defendant OWEN threatened and/or caused Plaintiff to be threatened with involuntary, unnecessary, and/or unwanted physical contact.

35. At all material times herein, the physical contact and/or threat of physical contact referred to herein was inflicted upon Plaintiff by Defendant OWEN.

36. That the physical contact and/or threat of physical contact was unnecessary and excessive and furthermore, the physical contact was without probable cause and/or legal justification.

37. As the direct and proximate result of the assaults and batteries; and/or the failure to intervene and stop the unnecessary threat; and/or use of force as described above which were inflicted upon Plaintiff by Defendant OWEN, Plaintiff sustained severe injuries and damages.

38. The actions and/or inactions of Defendant OWEN were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe so that Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT III
## GROSS NEGLIGENCE CLAIM AGAINST DEFENDANTS

39. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

40. Defendants owed a duty to Plaintiff to engage in activities that would not endanger or cause harm to him.

41. Defendants breached this duty by acting indifferently or grossly negligent without regard to Plaintiff's health and welfare.

42. That Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted to Plaintiff.

43. That Defendants' grossly negligent conduct is the most immediate, efficient, and direct cause preceding Plaintiff's injuries.

44. Defendants knew or should have known that by breaching their duties, harm would come to Plaintiff.

45. That according to MCL 691.1407(2), the breach of Defendants' duties to exercise reasonable care was reckless and amounts to gross negligence.

46. That as a direct and proximate result of Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an award in favor of Plaintiff and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

s/Amy J. DeRouin
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386

Dated:  September 8, 2016
AJD/krd
(248) 886-8650
amy.derouin@cjtrainor.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**SHAUN SNYDER,**
  Plaintiff,

-vs-              CASE NO.
                 HONORABLE

**BRITT OWEN and TOREY JOHNS,**
in their individual and official capacities,

  Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |

## DEMAND FOR TRIAL BY JURY

  **NOW COMES** Plaintiff, **SHAUN SNYDER**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

          Respectfully Submitted,
          CHRISTOPHER TRAINOR & ASSOCIATES

          s/Amy J. DeRouin
          CHRISTOPHER J. TRAINOR (P42449)
          AMY J. DEROUIN (P70514)
          Attorneys for Plaintiff
          9750 Highland Road
          White Lake, MI  48386
Dated:  September 8, 2016   (248) 886-8650
AJD/krd         amy.derouin@cjtrainor.com